IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NECA-IBEW WELFARE TRUST FUND,  Plaintiff, vs. PARKS ELECTRIC, INC.,  Defendant. | No.   22-2245 |

## COMPLAINT

NOW COME the Plaintiff, NECA-IBEW WELFARE TRUST FUND, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, PARKS ELECTRIC, INC. and allege as follows:

### Parties

1. Plaintiff, NECA-IBEW Welfare Trust Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "Trust Agreement").

2. A copy of the NECA-IBEW Welfare Trust Fund's Trust Agreement is attached hereto as **Exhibit 1**, and fully incorporated herein and made a part hereof by reference.

3. The Defendant, PARKS ELECTRIC, INC. is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

4. Defendant's principal place of business is located in Calvert City, Kentucky.

**Jurisdiction and Venue**

5. This is a civil action arising under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

6. Jurisdiction is proper under 29 U.S.C. §1132(e), which grants federal district courts exclusive jurisdiction over civil actions brought by fiduciaries to enforce the provisions of ERISA.

7. Venue for a civil action like the present is proper in a Federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

8. Plaintiff's plan is administered in Macon County, Illinois at the address 2120 Hubbard Avenue, Decatur, Illinois 62526-2871, which is located within the venue of the Federal District Court for the Central District of Illinois, Urbana Division.

**Count I**

9. Defendant employs individuals who perform bargaining unit work for which fringe benefit contributions are owed under the provisions of multiple collective bargaining agreements to which Defendant is a party or otherwise bound (the "Collective Bargaining Agreement").

10. The Collective Bargaining Agreement binds the Defendant to the provisions of the Plaintiff's Trust Agreement.

11. Under the Collective Bargaining Agreement and the Trust Agreement, Defendant is required to report hours worked by its employees and timely remit contributions owed to the Plaintiff.

12. Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the

Plaintiff in accordance with the terms and conditions of Plaintiff's Trust Agreement and to pay liquidated damages in the event said contributions are not timely made. (*See* 29 U.S.C. §1145).

13. Defendant failed to pay $4,763.25 in contributions owed for the period of August 2021 through February 2022.

14. Plaintiff is entitled under the Trust Agreement and Collective Bargaining Agreement to receive from Defendant complete and accurate contribution reports reflecting the hours worked by covered employees and the contributions owed, as well as examine Defendant's payroll records to verify that all required contributions are properly reported and paid.

15. Pursuant to the applicable provisions of ERISA, and the terms of the Plaintiff's Trust Agreement, Defendant owes liquidated damages equal to ten percent (10%) of the contributions not paid timely and interest of one and a half percent (1.5%) compounded monthly on the unpaid balance due to the Plaintiff. Such liquidated damages and interest assessments for the contributions owed for the period of August 2021 through February 2022 cannot be ascertained yet as Defendant has not paid.

16. Defendant has incurred additional liability for liquidated damages and interest in the amount of $4,640.76 arising from late contributions during the period of February 2019 through October 2020.

17. Upon information and belief, Defendant has employed individuals requiring contributions under the CBA but has failed to remit the proper amount of contributions from January 1, 2021 through the present, as well as the respective contribution reports.

18. Defendant owes Plaintiff contributions for all unreported and unpaid hours of work performed by its employees for the time of January 1, 2021, through current.

19. By failing to remit contributions and failing to provide contribution reports,

Defendant has breached its obligations under the Trust Agreement.

20. Defendant is liable to Plaintiff for all unpaid contributions, together with liquidated damages, interest, attorneys' fees, costs, audit expenses, and all other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions pursuant to the Trust Agreement and ERISA.

22. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff in this matter, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*          \*          \*
>
> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of –
>
> **(i)** interest on the unpaid contributions, or
>
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)** such other legal or equitable relief as the

court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiff, NECA-IBEW Welfare Trust Fund, respectfully requests that judgment be entered in its favor and against Defendant, PARKS ELECTRIC, INC., as follows:

A. That judgment is entered in favor of Plaintiff, NECA-IBEW WELFARE TRUST FUND, and against PARKS ELECTRIC, INC. in the amount of $4,763.25 in delinquent contributions for the period of August 2021 through February 2022, plus liquidated damages and interest as provided under the Trust Agreement and ERISA;

B. That judgment is entered in favor of Plaintiff, NECA-IBEW WELFARE TRUST FUND, and against PARKS ELECTRIC, INC. in the amount of $4,640.76 in liquidated damages and interest for late contributions during the period of February 2019 through October 2020;

C. That Defendant be ordered to submit to Plaintiff complete and accurate contribution reports for the period of January 1, 2021 through the present, so that the full amount of contributions and related sums owed can be determined;

D. That Plaintiff is granted leave of Court to file supplemental proofs establishing the additional amounts of contributions, liquidated damages and interest determined to be due and owing for the time of February 2019, through current, as well as for potential audit costs, attorneys' fees and costs to which Plaintiff is entitled to pursuant to the trust agreement and ERISA;

D. That PARKS ELECTRIC, INC. is ordered to pay to Plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

E. That PARKS ELECTRIC, INC. is ordered to pay to the Plaintiff all of Plaintiff's

costs attendant to these proceedings;

   F.  That Plaintiff is awarded, at Defendants' cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

                Respectfully submitted,

                NECA-IBEW WELFARE TRUST FUND,
                Plaintiff,

                By:  s/ Cressa E. Wagner
                   CRESSA E. WAGNER
                   CAVANAGH & O'HARA LLP
                   Attorneys for Plaintiff
                   2319 West Jefferson
                   Springfield, IL 62702
                   Telephone (217) 544-1771
                   Facsimile (217) 544-9894
                   cressa@cavanagh-ohara.com